# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL HERREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 1:23-cv-12048-JEK |
| CITY OF FALL RIVER, EDMOND | ) |
| DESMARAIS, MOSES PEREIRA, | ) |
| NICHOLAS CUSTADIO, HOLLY | ) |
| BRETT, and WILLIAM MARTEL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**KOBICK, J.**

Plaintiff Michael Herren, now proceeding *pro se*, brought this action against the City of Fall River and five of its police officers—Sergeant William Martel, Detectives Nicholas Custadio and Moses Pereira, and Officers Holly Brett and Edmon Desmarais (collectively, the "Officers")—after the Commonwealth dropped criminal charges against him for rape and indecent assault and battery. The complaint asserts eight claims against these defendants for civil rights violations, false arrest, negligence, assault and battery, abuse of process, and malicious prosecution. Pending before the Court are Fall River's and the Officers' separate motions for summary judgment, neither of which Herren has opposed. Those motions will be granted. The defendants are entitled to summary judgment on each of Herren's claims because, among other reasons, the undisputed evidence establishes that they had probable cause to arrest and charge him. Dismissal is also appropriate given Herren's failure to prosecute this case by not responding to the Court's show cause order or opposing the defendants' summary judgment motions.

## BACKGROUND

The following facts are undisputed because Herren failed to oppose the defendants' motions for summary judgment. *See* D. Mass. L.R. 56.1; *Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 8 (1st Cir. 2023).

### I.    <u>Factual Background.</u>

On the evening of May 28, 2020, a female victim reported to Officer Brett at the Fall River Police Station that Herren had raped and sexually assaulted her. ECF 48, ¶¶ 1, 4. The victim, according to Officer Brett, appeared nervous, scared, and under the influence of drugs and alcohol. *Id.* ¶ 5. After being transported to Saint Anne's Hospital, she wrote a note there stating that "Mike Herren . . . raped me 663 Bedford Street Fall River." *Id.* ¶¶ 7-9. The victim reiterated to Officer Brett in the hospital room that she had been raped by Herren. *Id.* ¶ 12. She elaborated that, after meeting Herren at his "Hurricane Radio" studio and consuming alcohol and cocaine that he provided, he sexually assaulted her by slapping her buttocks multiple times, ripping open her shirt, grabbing her throat, and inserting his fingers into her vagina. *Id.* ¶¶ 12-18, 22, 28-33, 37. Herren then asked the victim to perform oral sex on him. *Id.* ¶ 38. Instead, she fled, and he threatened her as she left. *Id.* ¶¶ 39-40. Officer Brett found her story consistent and noted that she appeared distraught recounting these events. *Id.* ¶¶ 43-44. Officer Brett also observed bruising on the victim's knee and ankles and a lump on her forehead. *Id.* ¶ 11.

Early the next morning, the victim provided a similar account of the incident to Detectives Custadio and Pereira while in her hospital room. *Id.* ¶¶ 49-55, 59-75. She also recounted that Herren penetrated her vagina with his fingers, and that she told him, "stop you're hurting me." *Id.* ¶¶ 69-70. The police report reflects that the victim offered more details to Officer Brett, who is female, than the Detectives, who are male. *Id.* ¶¶ 78-80. Sergeant Martel directed Officers

Desmarais and Souza to arrest Herren for two counts of rape, in violation of M.G.L. c. 265, § 22(b), and one count of indecent assault and battery on a person fourteen or over, in violation of M.G.L. c. 265, § 13H. *Id.* ¶¶ 81, 84. The Clerk-Magistrate at the Fall River District Court found probable cause to charge, and the District Court later issued a criminal complaint against Herren charging, him with those three counts. *Id.* ¶¶ 86-88. Officer Desmarais placed Herren under arrest and transported him from his studio to the Fall River Police Station. *Id.* ¶¶ 82-83.

Later on the morning of May 29, 2020, after being read his *Miranda* rights, Herren agreed to be interviewed by Detectives Custadio and Pereira. *Id.* ¶¶ 89-91. Herren described the victim as "fucked up" and "incoherent" from the drugs and alcohol that he had provided and that she had consumed at his studio. *Id.* ¶¶ 100-06. He also admitted that he touched and penetrated her vagina with his fingers, and that she performed oral sex on him while she was heavily intoxicated. *Id.* ¶¶ 113-14, 123, 125, 132-33. He maintained, however, that there was no penile penetration. *Id.* ¶ 127. Detective Pereira later reviewed nearby surveillance footage, which corroborated certain parts of the victim's account. *Id.* ¶¶ 135-40.

Two days later, on May 31, 2020, Detectives Custadio and Pereira spoke with the victim at her apartment. *Id.* ¶ 141. She was upset because people had been harassing her, including someone who drove by her house, yelled obscenities, and threw something at her windows. *Id.* ¶¶ 142-43. She also complained that someone had posted her police report and images of her being sexually assaulted on Facebook, which later removed those posts upon Detective Pereira's request. *Id.* ¶¶ 144-47.

The next day, the victim agreed to be interviewed by Detective Custadio again. *Id.* ¶¶ 148-49. She confirmed, among other details, that both she and Herren repeatedly used cocaine and drank alcohol. *Id.* ¶¶ 165-67. She later refused to cooperate in Herren's prosecution. *Id.* ¶ 174. As

a result, the Commonwealth filed a motion to *nolle prosequi* its charges of rape and indecent assault and battery against Herren. *Id.* The Fall River District Court granted that motion on August 28, 2020. *Id.* ¶ 175.

## II.    Procedural History.

Herren filed this lawsuit in Bristol Superior Court against the defendants in May 2023. ECF 13, at 8. After he amended the complaint in August 2023, the defendants removed the case to this Court in September 2023. ECF 1; ECF 1-1, at 1-19 ("Complaint"). Against all defendants, he asserts five counts: common law false arrest (Count I); a violation of the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, §§ 11H, 11I (Count II); gross negligence, recklessness, and willful and wanton conduct (Count V); violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Count VI); and assault and battery (Count VIII). Complaint ¶¶ 109-26, 145-54, 163-69. Against only Fall River, Herren further asserts a single negligence claim under the Massachusetts Tort Claims Act ("MTCA"), M.G.L c. 258, § 2 (Count III). *Id.* ¶¶ 127-37. And against only the Officers, he raises additional claims for abuse of process (Count IV) and malicious prosecution pursuant to 42 U.S.C. § 1983 (Count VII). *Id.* ¶¶ 138-44, 155-62.

Herren's counsel withdrew in February 2024. ECF 18, 19. Following discovery, Fall River and the other defendants filed two separate motions for summary judgment in December 2024. ECF 44, 46. After Herren failed to timely oppose those motions, the Court issued an order on January 21, 2025 stating that he had "until February 11, 2025 to show cause why this case should not be dismissed and to file his oppositions to the pending motions for summary judgment." ECF 49. The order warned Herren that "[f]ailure to do so may result in immediate dismissal of this action." *Id.* On February 12, 2025, the Court extended that deadline until March 14, 2025. ECF

51, 52. Herren has not responded to this show cause order or opposed the defendants' summary judgment motions.

## STANDARD OF REVIEW

Summary judgment is appropriate when, based upon the record, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). To prevail, the moving party must show that "there is no factual determination which a 'rational factfinder' could make as to the 'existence or nonexistence' of a fact that 'has the potential to change the outcome of the suit.'" *Gibson Found., Inc. v. Norris*, 88 F.4th 1, 5 (1st Cir. 2023) (quoting *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 4-5 (1st Cir. 2010)). Courts "must consider the record and the reasonable inferences drawn therefrom in the light most favorable to the nonmovant," but "need not credit 'conclusory allegations, improbable inferences, and unsupported speculation.'" *Dixon-Tribou v. McDonough*, 86 F.4th 453, 458 (1st Cir. 2023) (quoting *Lahens v. AT&T Mobility Puerto Rico, Inc.*, 28 F.4th 325, 333 (1st Cir. 2022)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## DISCUSSION

The defendants are entitled to summary judgment in this action on both procedural and substantive grounds. Procedurally, dismissal is proper where, as here, a plaintiff fails to prosecute his action by not opposing a pending summary judgment motion or adhering to court orders.

*McKeague v. One World Techs., Inc.*, 858 F.3d 703, 706-08 (1st Cir. 2017); *accord Strahan v. New England Aquarium*, 25 F. App'x 7, 9 (1st Cir. 2002). Even after being afforded an extension, Herren has not responded to the Court's January 21, 2025 order, which required him "to show cause why this case should not be dismissed and to file his oppositions to the pending motions for summary judgment" and warned him that "[f]ailure to do so may result in immediate dismissal of this action." ECF 49; *see* ECF 52. The Court has "broad discretion in determining how best to deter parties from flouting filing deadlines," including "dismiss[ing] a case outright." *Rivera-Aponte*, 62 F.4th at 6. Since Herren has failed to respond to the show cause order or oppose the defendants' pending summary judgment motions, judgment will enter for the defendants.

Substantively, the defendants are entitled to summary judgment on all of Herren's claims because, among other reasons, the undisputed record demonstrates that they had probable cause to arrest and charge him. The Court makes this additional determination given the First Circuit's "prefer[ence] that adjudications be driven by the merits of a case," *McKeague*, 858 F.3d at 707, and instruction that "a court confronted with an unopposed summary judgment motion is still required 'to test the undisputed facts in the crucible of the applicable law in order to ascertain whether [summary] judgment is warranted,'" *Rivera-Aponte*, 62 F.4th at 8 (quoting *Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 42 (1st Cir. 2004)).

## I.    <u>False Arrest.</u>

Count I asserts a claim of common law false arrest against the defendants. To sustain this claim, the plaintiff must show that (1) the defendant arrested him (2) without probable cause. *See Eason v. Alexis*, 824 F. Supp. 2d 236, 241 (D. Mass. 2011); Mass. Sup. Ct. Jury Instructions § 23.5 (2018). The defendant bears the burden "to prove justification for any arrest for which it was responsible." *McDermott v. W.T. Grant Co.*, 313 Mass. 736, 737 (1943). A "finding of probable

cause to arrest precludes liability for false arrest." *Gutierrez v. Massachusetts Bay Transp. Auth.*, 437 Mass. 396, 405 (2002). "'Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime.'" *Charron v. Cnty. of York*, 49 F.4th 608, 615-16 (1st Cir. 2022) (quoting *United States v. Jones*, 432 F.3d 34, 41 (1st Cir. 2005)). "The probable-cause inquiry 'focuses on what the officer knew at the time of the arrest' and evaluates 'the totality of the circumstances.'" *Id.* at 616 (quoting *Jones*, 432 F.3d at 41).

The Officers are entitled to summary judgment because the victim's allegations permitted them to reasonably conclude that probable cause existed to arrest and charge Herren with rape and indecent assault and battery.[1] The victim consistently reported to multiple officers that, while she was intoxicated due to drugs and alcohol, Herren raped her, grabbed her throat, and repeatedly slapped her buttocks. ECF 48, ¶¶ 1, 4, 12-18, 22, 28, 30-33, 37, 44, 49-55, 59-75; *see Commonwealth v. Blache*, 450 Mass. 583, 591-92 (2008) (rape committed where "because of the consumption of drugs or alcohol . . . , the complainant was so impaired as to be incapable of consenting to intercourse"). The victim also reported that Herren penetrated her vagina with his fingers, and that she told him to "stop" because he was "hurting" her. ECF 48, ¶¶ 33, 69-70. Her "[u]ncorroborated testimony . . . , standing alone, ordinarily can support a finding of probable cause." *Charron*, 49 F.4th at 616 (quotation marks omitted); *see Forest v. Pawtucket Police Dep't*, 377 F.3d 52, 57 (1st Cir. 2004) ("[P]olice officers can justifiably rely upon the credible complaint

---

[1] The statute that criminalizes rape "prescribes punishment for a person who 'has sexual intercourse or unnatural sexual intercourse with a person and compels such person to submit by force and against his will.'" *Commonwealth v. Seesangrit*, 99 Mass. App. Ct. 83, 87 (2021) (quoting M.G.L. c. 265, § 22(b)). "The elements of indecent assault and battery [on a person who has attained age fourteen] are 'intentional, unprivileged, and indecent touching of the victim.'" *Ramirez v. Mukasey*, 520 F.3d 47, 49 (1st Cir. 2008) (quoting *Commonwealth v. Oliveira*, 53 Mass. App. Ct. 480, 482 n.4 (2002)).

by a victim to support a finding of probable cause."); *Paquette v. Commonwealth*, 440 Mass. 121, 134 (2003) ("Statements of victims to police are sufficiently reliable for the purpose of establishing probable cause to arrest."). Officer Brett further observed that the victim appeared distraught recounting these events and had bruises on her knee and ankles and a lump on her forehead. ECF 48, ¶¶ 11, 43. In light of the victim's consistent account and Officer Brett's observations, no reasonable jury could find that the Officers acted without probable cause in arresting Herren. *See Finamore v. Miglionico*, 15 F.4th 52, 61 (1st Cir. 2021) (affirming grant of summary judgment on Massachusetts false arrest claim where officers had probable cause to arrest plaintiff).

The Officers are also entitled to summary judgment because, based on their report and the victim's allegations, the Clerk-Magistrate in the Fall River District Court found probable cause to charge Herren with rape and indecent assault and battery. ECF 48, ¶¶ 86-87. "An arrest warranted by law is not false imprisonment" or false arrest. *Doggett v. Hooper*, 306 Mass. 129, 133 (1940); *see Mezullo v. Maletz*, 331 Mass. 233, 237 (1954) ("One who procures the arrest or confinement of another on lawful process is not liable to an action of false imprisonment[.]"); *Finamore*, 15 F.4th at 61 ("[I]n Massachusetts, '[f]alse arrest is a species of the tort of false imprisonment.'" (citation omitted)). Because Herren was arrested pursuant to a valid arrest warrant, supported by probable cause, the Officers are not liable for false arrest. *See Piccone v. McClain*, 720 F. Supp. 2d 139, 151 (D. Mass. 2010) (dismissing false arrest claim where defendant "acted pursuant to a valid warrant"); *Sullivan v. Morris*, 105 Mass. App. Ct. 1124 (2025) (Rule 23.0 decision) (affirming grant of summary judgment on false arrest claim where a clerk-magistrate had found probable cause to issue an arrest warrant).

For its part, Fall River contends, correctly, that Herren's false arrest claim against it is barred by the MTCA, which preserves municipal immunity for "any claim arising out of an

intentional tort, including . . . false arrest." M.G.L c. 258, § 10(c). Fall River is therefore entitled to summary judgment on this claim as well. *See Alves v. Massachusetts State Police*, 90 Mass. App. Ct. 822, 827 n.12 (2017) (noting that the MTCA immunizes State police from false arrest claim); *S.G. v. Belmont Police*, 97 Mass. App. Ct. 1108 (2020) (1:28 Decision) (affirming dismissal of false arrest claim against Belmont Police Department as barred under the MTCA).

## II.    <u>Massachusetts Civil Rights Act.</u>

Count II asserts that all defendants violated the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I. The MCRA forbids "any person or persons" from "interfer[ing] by threats, intimidation or coercion" with another's enjoyment of his or her civil rights. M.G.L. c. 12, § 11H. "'To establish a claim under the [MCRA], a plaintiff must prove that (1) the exercise or enjoyment of some constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or coercion.'" *Barron v. Kolenda*, 491 Mass. 408, 423 (2023) (quoting *Glovsky v. Roche Bros. Supermkts., Inc.*, 469 Mass. 752, 762 (2014)).

Herren alleges that the Officers "interfered with [his] right to be free from unreasonable seizures" under the MCRA by "intentionally and unlawfully arrest[ing] [him] without probable cause" in violation of Article 14 of the Massachusetts Declaration of Rights. Complaint ¶ 124. Article 14, in turn, provides the "right to be secure from all unreasonable . . . seizures . . . of his person." Mass. Const. Pt. 1, Art. 14. It "'require[s] that an arrest . . . be based on probable cause.'" *Commonwealth v. Kotlyarevskiy*, 59 Mass. App. Ct. 240, 242-43 (2003) (quoting *Commonwealth v. Santaliz*, 413 Mass. 238, 240 (1992)). But, as discussed, the undisputed record evidence establishes that there was probable cause and an authorized warrant at the time of Herren's arrest. *See Sietins v. Joseph*, 238 F. Supp. 2d 366, 376, 378 (D. Mass. 2003) (granting summary judgment

for officer defendants where they "had probable cause to seek [plaintiff's] arrest for larceny" and plaintiff "failed to establish a violation of his rights"). Summary judgment will, accordingly, enter for the Officers on Herren's MCRA claim.

Fall River is also entitled to summary judgment on this claim because, under existing Massachusetts case law, municipalities like Fall River are not covered by the MCRA. *See Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 591-92 (2001) (distinguishing definition of "person" in section 1983 claims from that in MCRA claims and noting that "there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions"); *Guerriero v. Town of Hanover*, 92 Mass. App. Ct. 1121 (2018) (1:28 Decision); M.G.L. c. 4, § 7 ("'Person' or 'whoever' shall include corporations, societies, associations and partnerships."). And even if the MCRA did apply to Fall River, Herren's claim against the City would still fail because the Officers had probable cause to arrest Herren.

## III.    Negligence.

Count III alleges a negligence claim against Fall River under the MTCA, M.G.L. c. 258, § 2. That statute, however, exempts public employers from liability for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." M.G.L. c. 258, § 10(b). There is a two-step process to determine whether this discretionary function exception applies. *Doe v. Massachusetts Trial Ct.*, 494 Mass. 408, 412 (2024). At step one, courts "examine 'whether the governmental actor had any discretion at all as to what course of conduct to follow.'" *Id.* (quoting *Magliacane v. Gardner*, 483 Mass. 842, 860 (2020)). If that actor had discretion, courts "then

determine at step two whether the choices made by the governmental actor 'involv[e] policy making or planning,' thereby warranting immunity." *Id.* (quoting *Magliacane*, 483 Mass. at 860).

The Officers' conduct here falls within the discretionary function exception. The first step is met because their investigation of the victim's allegations and their determination that probable cause existed to arrest and charge Herren "constitute quintessential discretion." *Sena v. Commonwealth*, 417 Mass. 250, 256 (1994); *see* ECF 48, ¶¶ 1-140. The Officers "had to rely on their own judgment, based on their experience and their knowledge of the law, to determine what evidence to seek, how to gather that evidence, and whether and when to apply for warrants for arrest." *Sena*, 417 Mass. at 256. The second step is also satisfied because the Officers' decisions "regarding whether, when, how, and whom to investigate, and whether and when to seek warrants for arrest are based on considerations of, and necessarily affect, public policy." *Id.*; *see* ECF 48, ¶¶ 1-140. Because there is no evidence that the Officers "violate[d] officially established departmental procedures," their actions "investigating potentially criminal conduct" and applying for a criminal complaint against Herren are discretionary functions that fall within the exception in section 10(b) of the MTCA. *See Sena*, 417 Mass. at 257 & n.5; ECF 48, ¶¶ 1-140. Accordingly, Fall River is entitled to summary judgment on Herren's negligence claim.

## IV.   **Abuse of Process.**

Count IV asserts an abuse of process claim against the Officers. This common law claim "involves three elements: '[1] that process was used, [2] for an ulterior or illegitimate purpose, [3] resulting in damage.'" *477 Harrison Ave., LLC v. Jace Bos., LLC*, 477 Mass. 162, 168-69 (2017) (quoting *Millennium Equity Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 636 (2010)). "The tort has been described as a form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money." *Id.* at 169

(quotation marks omitted). While the complaint alleges, in a conclusory fashion, that the "Officers were motivated [by] an ulterior or illegitimate purpose," the summary judgment record contains no hint of any such purpose. Complaint ¶ 141. Summary judgment in favor of the Officers is thus appropriate. *See Atkinson v. Town of Ashburnham*, No. 16-cv-40168, 2018 WL 3826677, at *10 (D. Mass. Aug. 10, 2018) (granting summary judgment for officer on an abuse of process claim where the plaintiff failed to substantiate "any ulterior purpose or motive" in the investigation or arrest of the plaintiff).

V.    **Gross Negligence, Recklessness, and Willful and Wanton Conduct.**

Count V asserts that the defendants engaged in gross negligence, recklessness, and willful and wanton conduct. This claim against the Officers is barred by the MTCA, which "extends immunity from personal liability to public employees who are acting within the scope of their duties." *McNamara v. Honeyman*, 406 Mass. 43, 46 (1989). Under the MTCA, no "public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." M.G.L. c. 258, § 2. "The immunity afforded to public employees by G.L. c. 258, § 2, encompasses claims for negligence, gross negligence, and reckless conduct." *Doyle v. City of Quincy*, 104 Mass. App. Ct. 761, 764 (2024) (citing *McNamara*, 406 Mass. at 46). The undisputed record here establishes that the Officers were acting within the scope of their official duties when they interviewed the victim and arrested and charged Herren. *See* ECF 48, ¶¶ 1-140. The Officers are therefore immune from suit and entitled to summary judgment on this claim.

As against Fall River, to the extent this claim is duplicative of the negligence claim asserted in Count III, it is, as explained, barred by the discretionary function exception of the MTCA, M.G.L. c. 258, § 10(b). To the extent Herren meant to assert a claim for gross negligence,

recklessness, and willful and wanton conduct outside the scope of the MTCA, the claim is foreclosed by the text of the MTCA. That statute provides that its "remedies . . . shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer." M.G.L. c. 258, § 2. Construing this language, Massachusetts courts hold that the MTCA provides "the exclusive remedy for bringing tort claims against the Commonwealth and its municipalities." *Magliacane*, 483 Mass. at 850; *see also Educ. Divide Reform, Inc. v. City of Cambridge*, 102 Mass. App. Ct. 1111 (2023) (Rule 1:28 Decision) (Plaintiff "cannot assert common law negligence claims to avoid compliance with the MTCA," which "is the exclusive remedy for a claim of tortious conduct against a public employer or employee."). Accordingly, Fall River's motion for summary judgment on this claim will be granted.

## VI.    Constitutional Claims Under Section 1983.

Count VI, which asserts claims under 42 U.S.C. § 1983, alleges that the defendants violated several of Herren's federal constitutional rights. Herren asserts that the Officers (1) deprived him of liberty without due process of law, in violation of the Fourteenth Amendment; (2) seized and arrested him without probable cause, in violation of the Fourth Amendment; and (3) violated his Fourth Amendment right to be free from malicious prosecution. Complaint ¶ 150. The third theory is duplicative of Count VII, which, as discussed below, fails because there was probable cause and an authorized warrant at the time of Herren's arrest. The second theory falters because, consistent with Herren's common law false arrest and MCRA claims, probable cause existed at the time to arrest him. *See Finamore*, 15 F.4th at 58-61 (affirming summary judgment against plaintiff on his "counterpart claims under section 1983 and the MCRA" where there was "no genuine issue as to any material fact concerning the existence of probable cause"). That leaves only the first theory, which is premised on the Fourteenth Amendment. *See* Complaint ¶ 151.

This final theory is not sustainable as "either a procedural or substantive due process violation." *Meehan v. Town of Plymouth*, 167 F.3d 85, 88 (1st Cir. 1999). Section 1983 bars such a procedural due process claim where, as here, an adequate remedy exists under Massachusetts law in the form of tort claims for false arrest and malicious prosecution. *Id.*; *accord Reid v. New Hampshire*, 56 F.3d 332, 336 n.8, 341 (1st Cir. 1995). Nor does Herren possess any "substantive due process right under the Fourteenth Amendment to be free from malicious prosecution" or false arrest. *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996) (citing *Albright v. Oliver*, 510 U.S. 266, 267-86 (1994) (plurality opinion)); *see also Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 98-99 (1st Cir. 2013). Summary judgment will therefore enter for all defendants on this claim.

Fall River is separately entitled to summary judgment on these claims because, "without a finding of a constitutional violation on the part of a municipal employee, there cannot be a finding of § 1983 liability on the part of a . . . municipality." *Ouellette v. Beaupre*, 977 F.3d 127, 144 (1st Cir. 2020); *accord Evans v. Avery*, 100 F.3d 1033, 1040 (1st Cir. 1996) ("[T]he City cannot be held liable absent a constitutional violation by its officers."). Summary judgment is also appropriate because Herren fails to establish that his arrest was the result of an unconstitutional municipal custom or policy. A "municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue," because "*[r]espondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978)). Since Fall River "can be liable for constitutional violations only if the violation occurs pursuant to an official policy" or custom, *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008), Herren must show "both the existence of a policy or custom and a causal link between that policy and the

constitutional harm," *Santiago v. Fenton*, 891 F.2d 373, 381 (1st Cir. 1989). He has failed to do so.

There is no "evidence to allow a reasonable factfinder to find a policy, custom, practice or any deliberate indifference on the part of [Fall River] that bears the requisite causal relationship to the alleged constitutional deprivation to establish liability." *Est. of Bennett v. Wainwright*, 548 F.3d 155, 177 (1st Cir. 2008). Herren has instead improperly premised this claim solely on vicarious liability. Complaint ¶ 152; *see Wadsworth v. Nguyen*, 129 F.4th 38, 66 (1st Cir. 2025) ("*Monell* liability [against municipalities] cannot be premised on vicarious liability."). Fall River's summary judgment motion with respect to Herren's section 1983 claim against it will therefore be granted.

## VII.    Malicious Prosecution.

Count VII asserts a Fourth Amendment malicious prosecution claim against the Officers. To make out this claim, Herren "must show that '[the Officers] (1) caused (2) a seizure of [him] pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [his] favor." *Charron*, 49 F.4th at 618 (quoting *Hernandez-Cuevas*, 723 F.3d at 101). Herren's malicious prosecution claim fails because, as explained, the Officers had probable cause and a valid warrant at the time of his arrest. Summary judgment will, accordingly, enter for the Officers on this claim. *See Finamore*, 15 F.4th at 61-62 (affirming grant of summary judgment on malicious prosecution claim where plaintiff failed to establish "lack of probable cause").

## VIII.    Assault and Battery.

Count VIII asserts a claim of assault and battery against the defendants. To establish an assault and battery, Herren must demonstrate "'the intentional and unjustified use of force'" upon his person. *Commonwealth v. Porro*, 458 Mass. 526, 529 (2010) (quoting *Commonwealth v.*

*McCan*, 277 Mass. 199, 203 (1931)). Police officers, however, who are "authorized to make an arrest may use 'such force as is reasonably necessary to effect the arrest.'" *Julian v. Randazzo*, 380 Mass. 391, 396 (1980).

The Officers are entitled to summary on this claim because the undisputed evidence shows that reasonable force was used in effectuating Herren's authorized arrest. ECF 48, ¶¶ 81-87. The complaint alleges that Herren was "unreasonably and unlawfully touch[ed] . . . at his studio" when at least one of the Officers "handcuffed and arrested" him. Complaint ¶¶ 110, 165. But the record reveals that only Officer Desmarais arrested and handcuffed Herren at his studio before transporting him to the Fall River Police Station. ECF 48, ¶¶ 81-83. And there is no evidence that Officer Desmarais's use of handcuffs was unreasonable. *See Hunt v. Massi*, 773 F.3d 361, 372 (1st Cir. 2014) (reversing denial of summary judgment on battery claim because "a reasonable officer would have understood that the defendants were justified in handcuffing [plaintiff] with his hands behind his back"); *cf. Atwater v. City of Lago Vista*, 532 U.S. 318, 354-55 (2001) (finding no Fourth Amendment violation where plaintiff "was handcuffed, placed in a squad car, and taken to the local police station"). Because Officer Desmarais did not employ "'unreasonable or excessive force,'" summary judgment will enter for the Officers on this claim. *Raiche v. Pietroski*, 623 F.3d 30, 40 (1st Cir. 2010) (quoting *Powers v. Sturtevant*, 199 Mass. 265, 266 (1908)).

Herren's assault and battery claim against Fall River is separately barred by the MTCA, which exempts municipalities from liability for "any claim arising out of an intentional tort, including . . . assault [and] battery." M.G.L c. 258, § 10(c). Fall River is, accordingly, entitled to summary judgment on Herren's claim for assault and battery under section 10(c). *See Theisz v. Massachusetts Bay Transportation Auth.*, 495 Mass. 507, 512 (2025) (recognizing that public employers are not liable under the MTCA for "assault and battery" claims).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the City of Fall River's motion for summary judgment, ECF 44, and the individual defendants' motion for summary judgment, ECF 46, are GRANTED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: September 15, 2025                UNITED STATES DISTRICT JUDGE